

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00491-CR

ALAJUA JAWAN KEMP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 22,416-B; Honorable John Board, Presiding

July 23, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following an open plea of guilty, Appellant, Alajua Jawan Kemp, was convicted of possession of a controlled substance listed in Penalty Group 1, of four grams or more but less than 200 grams, with intent to deliver, in a drug-free zone.[1] After entering pleas of true to use of a deadly weapon and committing the offense within 1,000 feet of a day care, he was sentenced to twenty-five years confinement and assessed a $1,000 fine.

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (WEST 2010) & § 481.134(c) (WEST SUPP. 2012). The possession with intent to deliver offense was a first degree felony. The drug-free zone allegation raised the minimum period of confinement to ten years and doubled the maximum fine to $20,000.

In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did file a response. By letter, the State advised that it would not file a brief unless this Court determines the appeal has merit.

While on patrol late one night, Thomas Callahan, a narcotics agent, and Officer Martin Morgan stopped Appellant for making a wide right turn, a traffic violation. They

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

approached the vehicle and observed a male passenger in Appellant's vehicle. Morgan approached the driver's side and Callahan the passenger side. The passenger was described as very nervous. Callahan smelled burning marihuana and observed a blunt cigar in the ashtray.[4] Morgan was on the driver's side of the vehicle speaking with Appellant. Both Appellant and the passenger were asked to exit the vehicle, arrested for possession of marihuana and administered their rights.

The two suspects were separated and Callahan and Morgan then proceeded to conduct an inventory of the vehicle. The inventory revealed a large amount of miscellaneous controlled substances, weapons and scales.[5] Callahan testified that the manner in which the narcotics were packaged indicated drug dealing and distribution. A gun found underneath the driver's seat had been reported stolen in 2010.[6] A .22 caliber gun was also found in the glove compartment. Callahan concluded his direct testimony by testifying that the traffic stop occurred within a 1,000 foot radius of a day care for children.

During the inventory, Appellant denied ownership of some of the narcotics, claiming he was holding them for other persons (as collateral for money owed). He did admit to dealing drugs in the past. The weapons, he explained, were for protection. Other law enforcement witnesses offered testimony of Appellant's priors from 2008, which involved weapons.

---

[4]Appellant later admitted the marihuana cigar was his.

[5]Agent Callahan found Tylenol 3 and Xanax, both prescription medications for which Appellant did not have a prescription, methamphetamine, cocaine packaged in small bags and a large bag of marihuana.

[6]Appellant informed Agent Callahan the gun was underneath the driver's seat.

Appellant, in his mid-twenties, testified that he is married, father to a very young daughter and stepfather to a son. He also testified that since his arrest he's "a totally changed person." He is employed and no longer associates with individuals from his past. Appellant's mother testified that after Appellant's daughter was born, he became more responsible and seems happier.

By the *Anders* brief, counsel evaluates Appellant's guilty plea hearing and punishment phase, as well as trial counsel's representation. He concludes that reversible error is not presented. While counsel does note that the trial court made no specific findings as to either the deadly weapon or the drug-free zone, a review of the record reveals that, not only did the trial judge find Appellant guilty as charged in an indictment which alleged both aggravating factors, he specifically discussed both the deadly weapon finding and the drug-free zone in announcing the reasons for his ruling. Furthermore, as counsel concedes, the lack of those findings would have been harmless given that Appellant's sentence is permitted without those findings.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record, counsel's brief and the *pro se* response, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

4

## Conclusion

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.